# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2229V
UNPUBLISHED

| | |
|---|---|
| SHANNON PEREZ,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 6, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Causation-In-Fact; Influenza (Flu)<br>Vaccine; Cellulitis and Sepsis |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On November 30, 2021, Shannon Perez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered sepsis secondary to left shoulder abscess and cellulitis resulting from adverse effects of the influenza (flu) vaccination she received on September 20, 2019. Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, her symptoms persisted for more than six months, and neither she, nor any other party, has ever filed any action, or received compensation in the form of an award or settlement for her vaccine-related injury. Petition at 1, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 20, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent concluded that "[P]etitioner developed cellulitis and abscess with sepsis in her left upper extremity, which was more likely than not caused by administration of a flu vaccine at the same location. No other causes for petitioner's abscess, cellulitis, and sepsis have been identified . . . . In addition, given the medical records outlined above, [P]etitioner has satisfied the statutory requirement that petitioner's injury lasted for at least six months, or resulted in 'inpatient hospitalization and surgical intervention' as required by 42 U.S.C. § 300aa-11(c)(1)(D)(i),(iii). Therefore, based on the record as it now stands, [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 7-8. Respondent further agrees that "[t]he scope of damages to be awarded is limited to [P]etitioner's abscess, cellulitis, sepsis, and its related sequelae." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master
