# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2229V

| | |
|---|---|
| SHANNON PEREZ,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 23, 2023 |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On November 30, 2021, Shannon Perez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered sepsis secondary to left shoulder abscess and cellulitis resulting from adverse effects of the influenza (flu) vaccination she received on September 20, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 6, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for cellulitis and abscess with sepsis in her left upper extremity. On June 23, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $56,575.00, including $50,000.00 for pain and suffering, $6,500.00 for lost wages, and $75.00 for unreimbursed expenses. Proffer at 1-2. In the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $56,575.00, including $50,000.00 for pain and suffering, $6,500.00 for lost wages, and $75.00 for unreimbursed expenses in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SHANNON PEREZ,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>        Respondent. | No. 21-2229V **(ECF)**<br>Chief Special Master Corcoran |

## **PROFFER ON AWARD OF COMPENSATION**[1]

**I.    Procedural History**

On November 30, 2021, Shannon Perez ("petitioner"), filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. She alleged that, as a result of receiving the influenza vaccine on September 20, 2019, she suffered from sepsis secondary to a left shoulder abscess and cellulitis. *See* Petition. On January 20, 2023, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered left shoulder abscess, cellulitis, and sepsis. On March 6, 2023, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for her left shoulder abscess, cellulitis, and sepsis.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$56,575.00,** for all damages, including $50,000.00 representative of pain and

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

suffering, $6,500.00 representative of lost wages, and $75.00 representative of unreimbursed expenses. This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$56,575.00** in the form of a check payable to petitioner.[2] Petitioner agrees.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General

          C. SALVATORE D'ALESSIO
          Director
          Torts Branch, Civil Division

          HEATHER L. PEARLMAN
          Deputy Director
          Torts Branch, Civil Division

          LARA A. ENGLUND
          Assistant Director
          Torts Branch, Civil Division

          /s/ Kyle E. Pozza
          KYLE E. POZZA
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146 Benjamin Franklin Station
          Washington D.C. 20044-0146
          Tel: (202) 616-3661
          E-mail: Kyle.Pozza@usdoj.gov

Dated: June 23, 2023

---

[2] Should petitioner die prior to entry of judgment, respondent reserve the right to move the Court for appropriate relief.